[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION BACKGROUND
The Plaintiff has brought an action to foreclose a mechanic's lien. The underlying basis for the mechanic's lien is a contract between the Plaintiff and the principle Defendant homeowner.
The Plaintiff and the Defendant, John P. Frank, Jr., entered into a written agreement dated November 19, 1998, in which the CT Page 15025 Plaintiff agreed to supply granite to be delivered to a single-family home which was under construction in West Hartford. Under the terms of the contract, the Plaintiff was to be paid for the granite, but the contract provided no specific compensation for installation. The Plaintiff, Pistritto, provided the granite to the site to be applied as hand railings for the exterior balconies of the house. After Pistritto provided the granite to the site, he claims to have installed the materials without further compensation from the Defendant. The Plaintiff alleges that the Defendant John P. Frank, Jr., was the general contractor in charge of the construction project at the location.
In his affidavit, Giuseppe Pistritto, President of Pistritto Marble Imports, Inc., makes the following statements:
 "4. The Defendant, John P. Frank, Jr., was the general contractor building a new house at the location.
 5. I, as President of Pistritto Marble, Inc., entered into our written contract to only provide materials to the new construction site.
 6. I entered into this contract as a subcontractor to John Frank, Jr., who was the general contractor on the job.
 7. I later agreed to install the granite at no additional charge to the Defendant, general contractor, as an accommodation."
 DISCUSSION
Although the present action is an action to foreclose a mechanic's lien, the dispute between the Plaintiff and the Defendant, Frank, revolves around their written contract dated November 19, 1998. There is no argument that the contract fails to comply with required provisions of a home improvement contract set forth in Connecticut General Statutes § 20-429. The issue before the Court is whether the contract in question is a home improvement contract.
"Home improvement" is defined in Connecticut General Statute § 20-419 in pertinent part that section says. . . .
 "Home improvement" does not include, (a) the construction of a new home; (b) the sale of goods by a seller who neither CT Page 15026 arranges to perform, nor performs directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (c) the sale of goods for services furnished for commercial or business use or for resale, provided commercial or business use does not include use as residential rental property; (d) the sale of appliances such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereto; and (e) any work performed without compensation by the owner on his own private residence or residential property."
The act also provides in § 20-419 (5) that a home improvement contract means an "agreement between a contractor and an owner for the performance of a home improvement".
The Supreme Court has held that some work done at the site of new construction on a new home may fall within the requirements of the Home Improvement Act. Risso Pool Company vs. Delgrosso,232 Conn. 666, 677-680 (1995). In Risso the Court found that the installation of a pool was complete, separate and distinct from the new home construction contract and that the new home construction and installation of the swimming pool were not so interrelated, temporally or otherwise, that the pool constituted an integral part of the construction of the new home. Risso at 678.
In the instant case, the Court, at a minimum, is presented with the question of fact as to whether the installation of granite on hand rails is completely separate and distinct from the new home construction contract.
On June 1, 1999, the Supreme Court decided Meadows v.Higgins, 249 Conn. 155 (1999) in which it ruled that the plaintiff in that case was acting as a subcontract to whom the Home Improvement Act did not apply. In reversing the Appellate Court decision, [Meadows v. Higgins, 49 Conn. App. 686 (1998)] the Supreme Court ruled that the distinction between a contractor and a subcontractor was a factual question. In view of the claims in the instant case which seem to clearly indicate that the Defendant, Frank, was acting as his own general contractor, or at a minimum that there was no other general contractor, this Court finds a dispute of fact as to whether the disputed contract was with the "owner". CT Page 15027
The Court holds that there is at least a dispute of fact as to whether the granite rail work was exempt "new home" construction. Further, there is at least a dispute of fact as to whether the alleged contract is a contract with the "owner."
Because the Court finds disputes of material fact, the motion for summary judgment is denied.
Kevin E. Booth, J.